IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
CONNIE PORTER,                              )
on behalf of BTP, a minor child,            )
                            Plaintiff,      )
                                            )   CIVIL ACTION
v.                                          )
                                            )   No. 11-2077-KHV
MICHAEL J. ASTRUE,                          )
Commissioner of Social Security,            )
                            Defendant.      )
_____)
```

## MEMORANDUM AND ORDER

Plaintiff, on behalf of her minor son, BTP, appeals the final decision of the Commissioner of Social Security to deny supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq. For reasons set forth below, the Court reverses defendant's decision and remands for further proceedings.

## Procedural Background

Plaintiff filed multiple applications for supplemental security income benefits with the Social Security Administration. Defendant denied plaintiff's benefit applications initially and on reconsideration. On June 2, 2009, an administrative law judge ("ALJ") concluded that BTP was not under a disability as defined in the Social Security Act and that he was not entitled to benefits. In particular, the ALJ concluded as follows:

> 1. The claimant was born on July 21,1999. Therefore, he was a school-age child on October 11, 2006, the date the application was filed, and is currently a school-aged child (20 CFR 416.926a(g)(2)).
>
> 2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 416.924(b) and 416.972).
>
> 3. The claimant had the following severe impairments: learning disorder and borderline intellectual functioning (20 CFR 416.924(c)).

> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 29 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).
>
> 5. The claimant does not have an impairment or combination of impairments that functionally equals the listings (20 CFR 416.924(d) and 416.926a).
>
> 6. The claimant has not been disabled, as defined in the Social Security Act, since October 11, 2006, the date the application was filed (20 CFR 416.924a).

Certification Of Transcript Of Proceedings Before The Social Security Administration (Doc. #12) filed June 23, 2011 ("Tr.") 15-24.

On December 23, 2010, the Appeals Council denied plaintiff's request for review. Plaintiff appealed the final decision of the Commissioner to this Court. The decision of the ALJ stands as the final decision of the Commissioner.

## Standard Of Review

The ALJ decision is binding on the Court if supported by substantial evidence. See 42 U.S.C. §§ 405(g), 1383(c)(3); Dixon v. Heckler, 811 F.2d 506, 508 (10th Cir. 1987). The Court must determine whether the record contains substantial evidence to support the decision and whether the ALJ applied the proper legal standards. See Castellano v. Sec'y of HHS, 26 F.3d 1027, 1028 (10th Cir. 1994). While "more than a mere scintilla," substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Evidence is not substantial "if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (citation omitted).

**Analysis**

Plaintiff bears the burden of proving disability under the Social Security Act.  See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  A child under 18 years of age is "disabled" if the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(I).  To determine whether a child is disabled, the Commissioner applies a three-step sequential evaluation.  The ALJ must determine, in this order, that (1) the child is not engaged in substantial gainful activity, (2) the child has an impairment or combination of impairments that is severe, and (3) the child's impairment meets or equals an impairment listed in Appendix 1, Subpart P of 20 C.F.R. Pt. 404.  20 C.F.R. § 416.924(a); Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001).

In making the third determination – whether a child's impairment meets or equals a listed impairment – the ALJ must consider whether the impairment, alone or in combination with another impairment, "medically equals, or functionally equals the listings."  Briggs, 248 F.3d at 1237 (citing 20 C.F.R. § 416.924(a)).  The ALJ assesses all relevant factors, including (1) how well the child initiates and sustains activities, how much extra help he needs and the effects of structured or supportive settings; (2) how the child functions in school; and (3) how the child is affected by his medications or other treatment.  Id. at 1237-38 (citing 20 C.F.R. § 416.926a(a)(1)-(3)).  The ALJ considers how a child functions in his activities in terms of six domains:[1] (I) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others;

---

[1] "Domains" are "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1).

(iv) moving about and manipulating objects; (v) caring for himself; and (vi) health and physical well-being. Id. at 1238 (citing 20 C.F.R. § 416.926a(b)(1)(i)-(vi)).

Plaintiff argues that the ALJ erred because he did not set forth a specific credibility determination for BTP's mother. When a child claimant is unable to adequately describe his symptoms, the ALJ must accept the testimony of the person most familiar with the child's condition, here the claimant's mother. 20 C.F.R. § 416.928(a); Briggs, 248 F.3d at 1239. In such circumstances, the ALJ must make "specific findings concerning the credibility of the parent's testimony . . . just as he would if the child were testifying." Briggs, 248 F.3d at 1239.

Here, the ALJ evaluated the credibility of BTP's mother as follows:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not credible to the extent they are inconsistent with finding that the claimant does not have an impairment or combination of impairments that functionally equals the listings for the reasons explained below.

Tr. 16.

Defendant generally argues that the ALJ considered all of the evidence and discussed the relevant evidence for each domain. See Brief Of The Commissioner (Doc. #14) filed August 25, 2011 at 11. Defendant does not, however, set forth any specific finding by the ALJ on the credibility of claimant's mother. Because the ALJ concluded that BTP had less than a marked limitation in the domains of (1) acquiring and using information and (2) attending and completing tasks, and no limitation in the domain of interacting and relating to others, he implicitly rejected part of the testimony of BTP's mother as to the extent of his limitations. Even so, the ALJ did not articulate to what extent he rejected the testimony about BTP's limitations, as he is required to do. See Kepler

v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings); Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (same).

In the domains of attending and completing tasks and interacting and relating to others, the ALJ did not specifically address the testimony of BTP's mother that (1) his school work is getting worse and he is failing in school, Tr. 19, (2) he had no friends, caught a blanket on fire, wets the bed and does not participate in group discussions, Tr. 20, and (3) other children make fun of him because of the way he talks, Tr. 20.[2] If the ALJ simply did not believe the testimony of BTP's mother on these issues, he should have articulated that conclusion so that the Court could determine whether such a conclusion is based on substantial evidence. See Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. 2003) (ALJ decision must be sufficiently articulated so that it is capable of meaningful review). It is insufficient for the ALJ to discuss the evidence in generalities, however, and fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Servs., 49 F.3d 614, 618 (10th Cir.1995); see also Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II And XVI: Evaluation Of Symptoms in Disability Claims: Assessing The Credibility Of An Individual's Statements, 1996 WL 374186, at *2 (S.S.A. July 2, 1996) (decision must contain specific reasons for the finding on credibility supported by record evidence and must be sufficiently specific to make clear to individual and any subsequent reviewer the weight ALJ gave to individual's statements and reasons for that weight). Such bare conclusions are beyond meaningful judicial review. Brown v. Comm'r of the Soc. Sec. Admin., 245 F. Supp.2d 1175, 1187 (D. Kan.

---

[2] Two State Agency doctors also found that BTP had a marked limitation in the domain of interacting and relating to others. Tr. 330, 333, 336, 339.

2003).[3]

Because the ALJ did not specifically set forth his finding as to the credibility of BTP's mother, the Court must remand to the Commissioner to set forth a proper credibility determination.[4] See Briggs, 248 F.3d at 1239 (finding insufficient ALJ statement that testimony of claimant and his mother was "unconvincing, not substantiated by objective medical findings, and credible only to the extent that claimant's impairments have not produced marked and severe limitations"); Smith ex rel E.S.D. v. Barnhart, 157 Fed. Appx. 57, 61-63 (10th Cir. 2005) (finding insufficient ALJ statement that "[s]ubjective complaints are considered credible only to the extent that they are supported by the evidence of record as summarized in the text of this decision."); Hardman v. Barnhart, 362 F.3d

---

[3] The Court recognizes that as to the domain of acquiring and using information, the ALJ more specifically addressed at least part of the testimony of BTP's mother. The ALJ noted as follows:

> The claimant's mother testified that the claimant is in special education for reading, math and speech. She stated the claimant stutters, repeats words and hesitates when answering questions. She indicated claimant skips a lot of words he does not know, but can remember easy words and simple instructions. * * *
>
> Claimant's mother alleged he has significant problems with his speech but the objective medical evidence does not support this allegation.

Tr. 17-18. The ALJ did recite some objective medical evidence that supported his conclusion, but he also cited objective medical evidence that supported the allegations of BTP's mother. For example, the ALJ noted that claimant was diagnosed with borderline intellectual functioning. Tr. 18. The ALJ has not affirmatively linked his credibility finding to substantial evidence. See Kepler, 68 F.3d at 391.

[4] Because the Court remands on the credibility issue, it need not address claimant's other arguments. Even so, on remand, the ALJ should specify the weight he gave the opinion of Joanne B. Lyon, Ph.D., who examined claimant at the request of the State agency. In his reply, defendant concedes that the ALJ did not specify the weight he gave Dr. Lyon's opinion, but that the decision shows that he "implicitly gave it some weight." Doc. #14 at 7. If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004) (citing 20 C.F.R. § 416.927(f)(2)(ii)).

676, 679 (10th Cir. 2004) (insufficient for ALJ to give boilerplate list of factors; must also explain why specific evidence relevant to each factor led him to conclude claimant's subjective complaints not credible).

**IT IS THEREFORE ORDERED** that the Judgment of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 9th day of April, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
